## COLLOPY v. HALOWAY.

Common Pleas Court, Hamilton County.

No. 124442.   Decided July 24, 1952.

C. William O'Neill, Atty. Genl., Leon M. Render, Asst. Atty. Genl., Columbus, for Board of Review.

C. William O'Neill, Atty. Genl., John W. Hardwick, David V. Attig, Asst. Attys. Genl., for appellant.

## OPINION

By BELL, J.

This is an appeal by Frank J. Collopy, Administrator, Bureau of Unemployment Compensation. The appellees are Elsie May Haloway, Frederick A. Schmidt, Inc., Central Trust Co., Inc. and the Board of Review, Bureau of Unemployment Compensation.

The controversy here is between the administrator and the Board of Review, Appellee. Elsie May Haloway, Frederick A. Schmidt, Inc. and the Central Trust Company, Inc. assert no claim here.

On the hearing the court expressed grave doubt as to the authority of the administrator to appeal under the factual situation here presented.

Both the administrator and the board are represented by the Attorney General of Ohio.

It is claimed by the Assistant Attorney General representing the Appellant that by virtue of the provisions of §1345-1-g GC the administrator has a blanket authority to appeal any decision entered by the Board of Review.

The Assistant Attorney General representing the Board of Review, Appellee, does not contest the authority asserted by the Administrator.

The facts are substantially as follows:

On May 5, 1950 Elsie Haloway filed an application for benefits under the Unemployment Act. Elsie Haloway, the applicant, was an employee of Frederick A. Schmidt, Inc., a real estate agency, that operated a building located at Seventh and Race streets, presumably owned by the Central Trust Company, Inc. On April 19, 1950 applicant left her employment and went to take care of a married daughter who was ill at her home in Kentucky. Upon her return she reported for work and was informed that her place had been filled. Thereafter the application for benefits was filed. The application was disallowed by the administrator (appellant here) who held:

"Claimant quit work because of parental obligations. Benefit rights shall be suspended as of April 16, 1950, until claimant secures employment and is separated totally or partially therefrom in accordance with Section 1345-6-d (7) of the Unemployment Compensation Act."

The applicant appealed the administrator's decision to the Board of Review. Upon consideration the Board of Review came to the following conclusion:

"The Administrator's initial determination of claim dated May 23, 1950, is hereby modified. Claimant did not quit work because of parental obligations, under §1345-6 (7) GC, but quit work voluntarily with just cause. However, as of April 16, 1950, claimant was not available for and actively seeking suitable work. Therefore, under the provisions of §1345-6a (4) GC, claimant's benefit rights are suspended as of April 16, 1950, until she establishes eligibility for benefits."

It should be noted in passing that the administrator did not and could not appeal from his own conclusion to the Board of Review. It should be noted further, as stated by counsel for appellant, both the administrator and the Board of Review arrived at the same conclusion. The administrator based his conclusion upon the proposition "Claimant quit work because of parental obligation." The Board of Review based its conclusion upon the proposition that claimant "quit work voluntarily with just cause." This appeal is filed for the purpose of determining whether the reasoning of the administrator or the reasoning of the Board of Review is correct.

The court is of the opinion that this appeal should be dismissed for two reasons:

First. Assuming without deciding that the Administrator is properly before the court, it is my considered judgment that the statute cannot be so construed as to grant authority to the administrator to appeal from a decision of the Board of Review wherein such board arrived at the same conclusion as the administrator; keeping in mind that the sole question for determination before the administrator was whether or not the applicant was entitled to enjoy the benefits of the Unemployment Act and that was the sole question before the Board of Review. Both authorities arrived at the same conclusion. True, the conclusions were reached by different processes of reasoning but the fact remains the conclusions were the same.

It is well settled in Ohio that where an administrative agency arrives at a correct conclusion, upon review, a court will not be concerned with the reasoning by which the conclusion was reached.

Second. In the instant case the court is requested only

to determine whether the reasoning of the administrator or that of the board is correct. Hence no justiciable question is presented. For the reasons stated the appeal is dismissed.